Daniel A. Higson - SBN 71212
HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ, PC
5450 Telegraph Road, Suite 200
Ventura, CA 93006-3577
Tel: (805) 644-7111; Fax: (805) 644-8296
dahigson@hathawaylawfirm.com

Attorneys for Debtor Frederick Schneider

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| In Re: | ) | CASE NO.: 9:12-bk-12175-RR |
|---|---|---|
| FREDERICK SCHNEIDER, | ) | Chapter 7 |
| Debtor. | ) | EX PARTE MOTION TO REOPEN CHAPTER 7 CASE SO TO AMEND SCHEDULE B TO INCLUDE A POTENTIAL ASSET; POINTS AND AUTHORITIES; DECLARATION OF FREDERICK SCHNEIDER IN SUPPORT THEREOF AND [PROPOSED] ORDER |

[NO HEARING REQUIRED]

TO: HONORABLE UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION.

Pursuant to 11 U.S.C. §350, the Debtor, FREDERICK SCHNEIDER (hereinafter the "Debtor") hereby moves the Court, ex parte for an order to reopen his Chapter 7 case so to amend his Schedule B to include a contingent unliquidated claim he asserts against his bankruptcy Attorney, Patricia Renee Rodriguez formerly doing business as the Law Office of Patricia R. Rodriguez, and the Rodriguez Law Group, Inc. and her Business Manager, Rick Fiege.

# I

# INTRODUCTION

On June 1, 2012, Debtor filed a Petition for Relief pursuant to Chapter 7 of Title 11 of the United States Code. Jeremy Faith ("Faith") was duly appointed and acting Trustee.

Thereafter, Faith filed a Notice of Asset Case and Request for Setting of Claims Bar Date. In response thereto, the court clerk set a Notice of Possible Dividend and Order Fixing Time to File Claims.

Faith thereafter liquidated and administered Debtor's one-fourth interest in Schneider's property general partnership bringing into the bankruptcy estate approximately $175,000,000. On January 25, 2013, Debtor's discharge was entered. On June 18, 2014, Faith filed his Final Trustee's Report. On November 6, 2014, the case was closed.

On January 13, 2014, Debtor filed a Complaint for Legal Malpractice against his bankruptcy counsel in this bankruptcy case, Patricia Renee Rodriguez, formerly doing business as Law Offices of Patricia R. Rodriguez, Rodriguez Law Group, Inc. Said Complaint was filed in the Superior Court for the State of California in and for the County of Santa Barbara under Case No. 1439593. Debtor subsequently amended his Complaint to include, as an additional Defendant, Patricia Rodriguez's Business Manager, Rick Fiege. Debtor's Superior Court Complaint alleges that the Defendants were negligent in advising him to file a Chapter 7 Bankruptcy.

The legal malpractice case is pending in the Santa Barbara Superior Court and is set for jury trial on October 3, 2016.

Debtor seeks to reopen his bankruptcy case to afford Faith, or whichever Trustee the Court appoints, the opportunity to assert that the claim against Rodriguez and her Business Manager, Rick Fiege, is an asset of the bankruptcy estate.

## II

## THIS CASE MAY BE REOPENED ON AN EX PARTE BASIS

Reopening a case is a ministerial act which may be done ex parte and without notice. In re Abbott, 183 B. R. 198 (9th Cir. 1995).

## III

## THE CASE SHOULD BE REOPENED TO PERMIT THE DEBTOR

## TO FILE AN AMENDED SCHEDULE B

§350(b) of the Bankruptcy Code provides that a case may be reopened by the Court, "to accord relief to the debtor."

Rule 5010 provides that a case may be reopened on a motion of the debtor or other party in interest pursuant to §350(b) of the Code. The rule goes on to provide that a Trustee need be appointed only if the Court determines that a Trustee is necessary to protect the interests of Creditors or to ensure efficient administration of the case. Based upon the Declaration of Frederick Schneider, which is made a part of this Motion, and based on the Amended Schedule B to be filed, it is respectfully submitted that the Court appoint a Trustee in this reopened case. It is here noted that Jeremy Faith was the original Trustee in this case and his familiar with the facts of this case.

## IV

## THE ISSUE OF WHETHER DEBTOR HAS STANDING

## TO BRING THE LEGAL MALPACTICE ACTION

## CLAIM IN THE SUPERIOR COURT NEEDS TO BE RESOLVED.

While pre-petition legal malpractice claims belong to the bankruptcy estate, *In re Pace* (BC-D AK 1991) 132 B.R. 644, 646, State law determines whether a particular right or interest is property of the Bankruptcy Estate. *Butner v. United States* (1979) 440 U.S. 48, 54, 99 S. CT 914-917; and *In re*

*Coupon Clearing Service, Inc.* (9th Cir. 1997) 133 F.3d 1091, 1099.

In California, there is no cause of action for negligence until injury occurs. It is fundamental that a negligent act is not actionable unless it results in injury to another. *Fields v. Napa Milling Co.* (1958) 164 Cal.App.2d 442, 447. In this case, the negligence was arguably in advising the debtor to file Chapter 7 bankruptcy. However, debtor did not suffer damages until Faith obtained a turnover order directing that all rental income payable to Debtor be turned over to Faith. While Debtor does not believe his claim against his bankruptcy counsel is an asset of his bankruptcy estate, he wishes to afford the bankruptcy Trustee appointed on this case the opportunity to weigh in on this issue, so to preclude it being an issue in the Superior Court action.

## CONCLUSION

Pursuant to the foregoing discussion, the Debtor respectfully requests the Court grant an Order reopening his Chapter 7 case so that he can file an amended Schedule B to disclose this claim against his bankruptcy counsel, so to afford the Chapter 7 Trustee the opportunity to evaluate the claim and make a determination whether it is property of the bankruptcy estate.

Dated: 7-25-16

Respectfully submitted,

HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ

By: /s/ 
DANIEL A. HIGSON
Attorneys for Debtor
Frederick Schneider

# DECLARATION OF FREDERICK SCHNEIDER

I, FREDERICK SCHNEIDER, declare as follows:

1. I am the debtor in this bankruptcy case. I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would competently testify thereto under oath.

2. On June 1, 2012, I filed this bankruptcy case primarily on the advice of Patricia Renee Rodriguez's Business Manager, Rick Fiege. My goal was to try to save my home from foreclosure but not at the expense of losing my one-fourth interest in Schneider's Property General Partnership which owns a commercial building on Wilshire Boulevard in Los Angeles.

3. After my bankruptcy case was filed, Jeremy Faith, the Trustee on the case obtained a bankruptcy court order directing me to turn over the monthly rental income which I was receiving from the partnership, which was approximately $1,400.00 per month.

4. Thereafter, Mr. Faith sold my one-fourth interest in Schneider's General Partnership for approximately $175,000.00. Also while my bankruptcy was pending, the lender on my personal residence received an order for relief from stay and foreclosed on my home.

5. I received my bankruptcy discharge on January 25, 2013 and my bankruptcy case was closed on November 6, 2014.

6. On January 3, 2014, I filed a lawsuit in the Santa Barbara County Superior Court under Case No. 1439593 against my bankruptcy counsel, Patricia Renee Rodriguez, asserting claims for legal malpractice against her for advising me to file Chapter 7 Bankruptcy. I subsequently amended my Superior Court Complaint to add Patricia Rodriguez's Business Manager, Rick Fiege, as an additional Defendant, as he was the person primarily responsible for advising me to file Chapter 7 Bankruptcy.

7. The Santa Barbara County Superior Court case is currently set for jury trial on October 3, 2016.

8. I request my bankruptcy case be reopened so to file an amended Schedule B, and list this claim against Ms. Rodriguez and Mr. Feige, so to afford the Chapter 7 Trustee an opportunity to make a determination whether this claim is an asset of the bankruptcy estate and, if so, whether the Trustee wishes to pursue the claim on behalf of the bankruptcy estate.

9. In that I was not injured by Ms. Rodriguez's negligence until after my bankruptcy case was filed, I concluded that my legal malpractice action against her was not property of the bankruptcy estate, however, a Chapter 7 Trustee may conclude otherwise, and the issue of standing needs to be resolved before my case against Ms. Rodriguez, in the Santa Barbara County Superior Court, can proceed to trial in October of 2016.

I declare under penalty of perjury, under the laws of the United States of America, the foregoing is true and correct. Executed on the 14th day of July, 2016, at Ventura, California.

FREDERICK SCHNEIDER, Debtor

Daniel A. Higson - SBN 71212
HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ, PC
5450 Telegraph Road, Suite 200
Ventura, CA 93006-3577
Tel: (805) 644-7111; Fax: (805) 644-8296
dahigson@hathawaylawfirm.com

Attorneys for Debtor Frederick Schneider

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO.:   9:12-bk-12175-RR |
| | ) | |
| FREDERICK SCHNEIDER | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtors. | ) | ORDER ON DEBTOR'S EX PARTE MOTION TO REOPEN CASE |
| | ) | |

[NO HEARING REQUIRED]

Debtors' ex parte Motion to Reopen his case is hereby granted and Debtor's case is reopened so to allow Debtor to amend his Schedule B to include a contingent unliquidated claim he asserts against his Bankruptcy Attorney, Patricia Renee Rodriguez formerly doing business as the Law Office of Patricia R. Rodriguez, and the Rodriguez Law Group, Inc. and her Business Manager, Rick Fiege. Debtor to file an amended Schedule B within 30 days from the date of this order.

####

1

Order

| In re:                     |              | CHAPTER: 7                    |
|----------------------------|--------------|-------------------------------|
| **Frederick Schneider**    | Debtor(s).   | CASE NUMBER: 9:12-bk-12175    |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5450 Telegraph Road, Suite 200
Ventura, CA 93006

A true and correct copy of the foregoing document entitled *Ex Parte Motion to Reopen Chapter 7 Case So to Amend Schedule B to Include a Potential Asset; Poits and Authorities; Declaration of Federick Schneider in Support Thereof and Order* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 25, 2016** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (ND), ustpregion16.nd.ecf@usdoj.gov
Jeremy W. Faith (TR) lee@marguliesfaithlaw.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **July 25, 2016** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
The Honroable Peter H. Carroll
Judge of the US Bankruptcy Court
1415 State Street, Suite 230
Courtroom 201
Santa Barbara, CA   93101

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 25, 2016 | Deanna L. Higson | /s/ Deanna L. Higson |
|---------------|------------------|----------------------|
| Date          | Printed Name     | Signature            |

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June   2012

9013-3.1.PROOF.SERVICE