MICHAEL N. NICASTRO (State Bar 161188)
NICASTRO PISCOPO, A Professional Law Corporation
575 Anton Boulevard, Suite 1050
Costa Mesa, CA 92626
Telephone: (714) 479-1000
Facsimile: (714) 479-0909
courtfiling@np-attorneys.com

Attorneys for Chapter 7 Trustee,
JEREMY FAITH

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>FREDERICK J. SCHNEIDER,<br><br>Debtor. | Case No. 9:12-bk-12175-PC<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION FOR ORDER APPROVING SALE AGREEMENT WITH FREDERICK J. SCHNEIDER FOR SALE OF MALPRACTICE LITIGATION CLAIMS; DECLARATION OF JEREMY FAITH**<br><br><u>Hearing:</u><br>Date: December 13, 2016<br>Time: 10:00 a.m.<br>Ctrm: 201 |

TO THE HONORABLE PETER H. CARROLL UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

    Jeremy Faith, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of Frederick J. Schneider ("Debtor") brings this Motion ("Motion") for order approving the Trustee's Sale Agreement with Debtor for the sale of the Estate's interest in certain malpractice litigation claims and in support of the Motion, the Trustee respectfully represents as follows:

**INTRODUCTION**

The Trustee requests that the Court approve the sale of the Estate's interest in Debtor's malpractice claims against his former bankruptcy counsel to Debtor for 25% of the net recovery under the claims. The sale is not subject to overbid because under California law malpractice claims cannot be assigned to a third party. The sale is in the best interest of the Estate because it allows the Estate to recover on the claims without bearing the risk of the litigation. The Trustee, in his sound business judgment, requests that the Court approve the Sale Agreement attached as Exhibit 1.

**PROCEDURAL & FACTUAL BACKGROUND**

1. On June 1, 2012 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Jeremy Faith is the duly appointed Chapter 7 trustee for Debtor's Bankruptcy Estate.

3. Debtor's bankruptcy counsel in the above-referenced bankruptcy case was initially Patricia Renee Rodriguez formerly dba Law Offices of Patricia R. Rodriguez, and the Rodriguez Law Group, Inc. (collectively "Rodriguez").

4. At the time of the filing of the above-referenced bankruptcy, Debtor owned a one-fourth interest in Schneider Properties General Partnership (SPGP) which owned a three-unit commercial building at 11622-11710 Wilshire Boulevard, Los Angeles, CA.

5. On January 23, 2013, Debtor received his bankruptcy discharge.

6. On March 20, 2013, the Trustee secured a bankruptcy court order directing Debtor to turn over all rental income he was receiving from SPGP, which at the time was approximately $1,400 per month.

7. On January 10, 2014, the Trustee secured a bankruptcy court order authorizing the Trustee to sell Debtor's one-fourth interest in SPGP for approximately $175,000.

8. On or about November 6, 2014, the Trustee's final report and application for compensation was approved by the Court and the above-referenced bankruptcy case was closed.

9. By selling Debtor's one-fourth interest in SPGP, the Trustee was able to provide Debtor's creditors with a substantial distribution.

10. On January 13, 2014, Debtor filed a legal malpractice action against Rodriguez in the

Superior Court of the State of California, for the County of Santa Barbara under Case No. 1439593 alleging different theories of recover and/or claims ("Claims"). Said lawsuit was subsequently amended to include as an additional Defendant, Patricia Renee Rodriguez's business manager, Rick Fiege.

11. The above-mentioned Superior Court action is currently set for jury trial on February 17, 2017.

12. Debtor contends in the Superior Court action that Rodriguez was negligent in filing his Chapter 7 bankruptcy and in handling the case once it was filed. Rodriguez disputes these allegations.

13. Debtor contends that the legal malpractice action against Rodriguez is not an asset of his Estate because Debtor was not damaged until after the bankruptcy was filed, which was a post-bankruptcy petition occurrence. Faith asserts that the Claims arose prior to and at the time of the filing of the bankruptcy and, therefore, is property of the Estate.

14. On July 28, 2016, Debtor obtained an order reopening his bankruptcy case and, thereafter, amended his Schedule B to include as a possible asset of the estate the Claims against Rodriguez.

15. The Trustee and Debtor have reached an agreement to resolve their dispute and sell the Estate's interest in the Claims to Debtor.

## THE PROPOSED AGREEMENT

Subject to Court approval, the Trustee has accepted an offer from Debtor to buy the Claims. The complete terms of the sale are set forth in the Sale Agreement attached as Exhibit 1 to the Declaration of Jeremy Faith ("Faith Decl.") and are summarized as follows:

1. Debtor shall purchase the Estate's interest in the Claims and will remain as the Plaintiff in said action.

2. Debtor, through his counsel, shall keep the Trustee informed through his counsel regarding the status of said case.

3. Should any recovery be achieved on the Claims in the Superior Court action, Debtor shall remit to the Trustee 25% of Debtor's net recovery on said case, after deducting

attorney's costs. If funds are remitted to the Trustee and if there is a surplus of funds after paying Estate claims and administrative expenses, those funds will be sent to Debtor according to the Bankruptcy Code. The Parties acknowledge that Debtor's counsel in the Superior Court case is handling the Superior Court action on a 40% contingency fee basis.

4. The Sale Agreement contains mutual releases of liability.

## APPROVAL OF THE SALE

Under 11 U.S.C. § 363, a trustee is empowered to sell assets of the estate "after notice and a hearing." The standards for approval of a sale pursuant to § 363(b)(1) require that the proponent of the sale establish that: (1) a "sound business purpose justifies the sale;" (2) "accurate and reasonable notice " of the sale was provided; (3) the "price to be paid is adequate, *i.e.*, fair and reasonable;" and (4) good faith is present. *See In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987); *see also, In re Lionel Corp.*, 772 F.2d 1063, 1069 (2d Cir. 1983). The Trustee's proposed sale of the claims conforms with each of these requirements.

The Ninth Circuit in *In re Walter*, 83 B.R. 14 (9th Cir. 1988) has adopted a flexible, case by case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b):

> Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets to the estate as a whole, the amount of lapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy

judge."

*Walter, supra*, at 19-20 *quoting In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986).

In this case, the facts surrounding the sale of the Claims support the Trustee's business decision that the proposed sale is in the best interest of the Estate and its creditors. The proposed sale is a sound business decision because it allows the Estate to reap the benefits if the Claims are successful without bearing any of the burden or expense to litigate the Claims. If the Claims are successful, the Sale Agreement provides cash proceeds for the Estate.

Reasonable notice of the sale will be provided pursuant to 11 U.S.C. § 363. The price to be paid—25% of Debtor's net recovery—is fair and reasonable in light of the fact that Debtor, not the Trustee, bears the burden of litigating the Claims. The sale is being made in good faith and subject to overbid. Good cause thus exists to authorize the sale of the Claims.

## APPROVAL OF THE SALE AGREEMENT'S SETTLEMENT TERMS

Sale agreements often contain elements of settlement agreements and vice versa. *See In re Mickey Thompson*, 292 B.R. 415, 421-422 (9th Cir. BAP 2003) (viewing settlement agreement as a sale subject to overbid). If a sale agreement contains aspects of a settlement, a court should analyze it under the "fair and equitable" analysis required of all compromises. *In re Lahijani*, 325 B.R. 282 (9th Cir. BAP 2005). The Ninth Circuit has recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986). In approving a compromise, a bankruptcy court must find that the compromise is fair and equitable and that the negotiations between the parties were conducted in good faith. *Id.* Furthermore, "[w]hile the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankruptcy estate." *Id.*, at 1382.

Factors to be considered in evaluating the propriety of a settlement include: (1) "the probability of success in the litigation;" (2) "the difficulties, if any, to be encountered in the matter of collection;" (3) "the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attend it;" (4) "the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re Pacific Gas and Elec. Co.*, 304 B.R. at 417 [citing *In*

*re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)]. Moreover, it is not the bankruptcy court's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvass the issues and see whether the settlement falls below the lowest point of the range of reasonableness." *In re Heissinger Resources Ltd.*, 67 Bankr. 378, 383 (C.D. Ill. 1986).

Here, the Sale Agreement resolves the dispute between Debtor and the Trustee as to whether the Claims are Estate property. It is therefore arguably also a settlement agreement.

The factors weigh strongly in favor of the Sale Agreement proposed by the Trustee. By the Sale Agreement, the Estate saves the cost of complex legal malpractice litigation and assures a recovery of for the Estate if Debtor prevails on the Claims. The proposed transaction eliminates litigation risk and further litigation costs, and it provides the opportunity for substantial funds for distribution to allowed creditors in this case. The agreement also eliminates the need for any litigation between the Trustee and Debtor as to ownership of the Claims. The Court should therefore approve the settlement terms of the sale of the legal malpractice claims as a reasonable exercise of the Trustee's business judgment.

## SALE NOT SUBJECT TO OVERBID

The Sale Agreement should not be subject to overbid. Malpractice claims become property of the estate by operation of law under 11 U.S.C. § 541. *In re J.E. Marion, Inc.*, 199 B.R. 635, 637 (Bankr. S.D.Tex. 1996) ("federal bankruptcy law, rather than assignability or public policy under state law, determines whether malpractice claims are property of the estate . . . notwithstanding any provision in applicable non-bankruptcy law that restricts or conditions the transfer of an interest by the debtor"). Although they are property of the estate, they are not assignable by a trustee to third parties.

"State law [] defines the legal and equitable interests of the debtor," including the transferability of malpractice claims to third parties. *In re J.E. Marion, Inc., supra.*; *In re Mason*, 386 B.R. 715, 721 (Bankr. N.D.Ill. 2008) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)); *Fisher v. Apostolou*, 155 F.3d 876, 880 (7th Cir.1998). Under California law, malpractice claims are not assignable. *In re J.E. Marion, Inc., supra* at 637 ("the legal malpractice claims

against Former Counsel for Debtor, while nevertheless property of the bankruptcy estate, are non-assignable pursuant to 11 U.S.C. § 363"); *Goodley v. Wank & Wank, Inc.* 62 Cal.App.3d 389 (Cal. 1976) (an "attorneys' duty . . . arising from their professional employment was a personal one running solely to [the client] and, therefore was non-assignable"); *White Mountains Reinsurance Company of America v. Borton Petrini, LLP*, 221 Cal. App. 4th 890, 892 (2013). The prohibition on assignment applies equally to bankruptcy trustees as to the clients who originally hold the claims. *Baum v. Duckor, Spradling & Metzger*, 72 Cal. App. 4th 54 (1999) (holding that the prohibition on assignment of legal malpractice claims applies in cases where a legal malpractice claim belonging to a bankrupt corporation involuntarily becomes an asset of the bankruptcy estate, and is then purportedly assigned by the bankruptcy trustee to a creditor of the debtor corporation).

Here, the bankruptcy Estate acquired its rights in Debtor's malpractice claims by operation of law, not by an assignment of the claims. California law, which controls the property rights involved in the sale of the claims, does not permit, under well-settled law, the assignment of a legal malpractice claim. For this reason, the Trustee does not seek to sell the Claims subject to overbid.

## DETERMINATION OF GOOD FAITH PURCHASER

The Trustee further seeks an order determining that Debtor is a "good faith purchaser" within the context of 11 U.S.C. § 363(m) such that any appeal of the order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained. Debtor is the only party legally capable of purchasing the Claims. Debtor and the Trustee negotiated in good faith and the Estate will receive value for the sale.

## WAIVER OF THE STAY IS APPROPRIATE

The waiver of the stay imposed by Rule 6004(h) is appropriate. Time is of the essence on the Sale Agreement because the Claims are currently pending in the Superior Court for the State of California, and Debtor needs to act quickly to continue to prosecute those claims. Accordingly, the Trustee requests that the Court waive the stay imposed by Rule 6004(h).

## CONCLUSION

The Trustee requests that the Court grant the Motion and enter an order as follows.

1. Granting the Motion;

2. Authorizing the Trustee to enter into the Sale Agreement, to execute any and all documents necessary to consummate the sale, and to sell the Claims outside the ordinary course of business;

3. Approving the Sale Agreement;

4. Deeming Buyer to be a good faith purchaser pursuant to 11 U.S.C. § 363(m); and

5. Waiving the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h).

DATED: November 10, 2016         NICASTRO PISCOPO, APLC

By: _____
MICHAEL N. NICASTRO
Attorneys for Chapter 7 Trustee,
Jeremy Faith

**DECLARATION OF JEREMY FAITH**

I, JEREMY FAITH, declare as follows:

1.  I am the duly appointed and acting Chapter 7 trustee in the above-captioned matter. I make this declaration in support of the Motion above. If called upon to testify as to the matters set forth herein, I could and would competently testify thereto. The capitalized terms in this declaration have the definitions set forth in the Motion.

2.  I obtained the following information from the Court's Pacer website.

    a. On June 1, 2012, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

    b. Debtor's bankruptcy counsel in the above-referenced bankruptcy case was initially Patricia Renee Rodriguez formerly dba Law Offices of Patricia R. Rodriguez, and the Rodriguez Law Group, Inc.

    c. On January 23, 2013, Debtor received his bankruptcy discharge.

16.  At the time of the filing of the above-referenced bankruptcy, I was informed that Debtor owned a one-fourth interest in Schneider Properties General Partnership (SPGP) which owned a three-unit commercial building at 11622-11710 Wilshire Boulevard, Los Angeles, CA.

17.  On March 20, 2013, I secured a bankruptcy court order directing Debtor to turn over all rental income he was receiving from SPGP, which at the time was approximately $1,400.00 per month.

18.  On January 10, 2014, I secured a bankruptcy court order authorizing me to sell Debtor's one-fourth interest in SPGP for approximately $175,000.00.

19.  According to the Court's Pacer website, on or about November 6, 2014, my final report and application for compensation was approved by the Court and the above-referenced bankruptcy case was closed.

20.  By selling Debtor's one-fourth interest in SPGP, I was able to provide Debtor's creditors with a substantial distribution.

21.  I am informed that on January 13, 2014, Debtor filed a legal malpractice action

against Rodriguez in the Superior Court of the State of California, for the County of Santa Barbara under Case No. 1439593 alleging different theories of recover and/or claims ("Claims"). Said lawsuit was subsequently amended to include as an additional Defendant, Patricia Renee Rodriguez's business manager, Rick Fiege.

22. I am informed that the above-mentioned Superior Court action is currently set for jury trial on February 17, 2017.

23. I am informed that Debtor contends in the Superior Court action that Rodriguez was negligent in filing his Chapter 7 bankruptcy and in handling the case once it was filed. Rodriguez disputes these allegations.

24. I am informed that Debtor contends that the legal malpractice action against Rodriguez is not an asset of this Estate because Debtor was not damaged until after the bankruptcy was filed, which was a post-bankruptcy petition occurrence. Faith asserts that the Claims arose prior to and at the time of the filing of the bankruptcy and, therefore, is property of the Estate.

25. According to Pacer, on July 28, 2016, Debtor obtained an order reopening this bankruptcy case and, thereafter, amended his Schedule B to include as a possible asset of the Estate the Claims against Rodriguez.

26. Debtor and I have reached an agreement to resolve the dispute surrounding ownership of the Claims and to sell the Estate's interest in the Claims to Debtor. A true and correct copy of the Sale Agreement is attached as Exhibit 1.

27. The proposed sale is a sound business decision because it allows the Estate to reap the benefits if the Claims are successful without bearing any of the burden or expense to litigate the Claims.

28. I believe that the price to be paid—25% of Debtor's net recovery—is fair and reasonable in light of the fact that Debtor, not the Estate, bears the burden of litigating the Claims. Debtor and I negotiated in good faith, and the sale is being made in good faith. I believe that good cause thus exists to authorize the sale of the Claims.

3. I believe that waiver of the stay imposed by Rule 6004(h) is appropriate. Time is of the essence on the Sale Agreement because the Claims are currently pending in the Superior

Court for the State of California, and Debtor needs to act quickly to continue to prosecute those claims.

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on _November 10, 2016_ at _Encino_, California.

_____
JEREMY FAITH

# Exhibit 1

## SALE AGREEMENT

This Sale Agreement ("Sale Agreement"), effective this ___31st___ day of October, 2016, (the "Effective Date"), subject to approval by the Bankruptcy Court, entered into by and among Debtor, Frederick J. Schneider (hereinafter "SCHNEIDER"), and Jeremy Faith, Chapter 7 Trustee of the Frederick J. Schneider Bankruptcy Estate, Case No. 9:12-bk-12175-PC (hereinafter "FAITH"), is made with reference to the following facts:

### RECITALS

A. On June 1, 2012, SCHNEIDER filed Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California under Case No. 9:12-bk-12175-PC.

B. SCHNEIDER's bankruptcy counsel in the above-referenced bankruptcy case was initially Patricia Renee Rodriguez formerly dba Law Offices of Patricia R. Rodriguez, and the Rodriguez Law Group, Inc. (collectively "RODRIGUEZ"). FAITH was appointed as Trustee on said bankruptcy case.

C. At the time of the filing of the above-referenced bankruptcy, SCHNEIDER owned a one-fourth interest in Schneider Properties General Partnership (SPGP) which owned a three-unit commercial building at 11622-11710 Wilshire Boulevard, Los Angeles, CA.

D. On January 23, 2013, SCHNEIDER received his bankruptcy discharge. On March 20, 2013, FAITH secured a bankruptcy court order directing SCHNEIDER to turn over all rental income he was receiving from SPGP, which at the time was approximately $1,400.00 per month. On January 10, 2014, FAITH secured a bankruptcy court order authorizing FAITH to sell SCHNEIDER's one-fourth interest in SPGP for approximately $175,000.00. On or about November 6, 2014, FAITH's final report and application for compensation was approved by the court and the above-referenced bankruptcy case was closed. By selling SCHNEIDER's one-fourth interest in SPGP, FAITH was able to provide SCHNEIDER's creditors with a substantial distribution.

E. On January 13, 2014, SCHNEIDER filed a legal malpractice action against RODRIGUEZ in the Superior Court of the State of California, for the County of Santa Barbara under Case No. 1439593 alleging different theories of recover and/or claims ("CLAIMS"). Said lawsuit was subsequently amended to include as an additional Defendant, Patricia Renee Rodriguez's business manager, Rick Fiege.

F. The above-mentioned Superior Court action is currently set for jury trial on February 17, 2017.

1

G. SCHNEIDER contends in the Superior Court action that Rodriguez was negligent in filing his Chapter 7 bankruptcy and in handling the case once it was filed. RODRIGUEZ disputes these allegations.

H. SCHNEIDER contends that the legal malpractice action against RODRIGUEZ is not an asset of his bankruptcy estate because SCHNEIDER was not damaged until after the bankruptcy was filed, which was a post-bankruptcy petition occurrence. Faith asserts that the CLAIMS arose prior to and at the time of the filing of the bankruptcy and, therefore, is property of the bankruptcy estate.

I. On July 28, 2016, SCHNEIDER obtained an order reopening his bankruptcy case and, thereafter, amended his Schedule B to include as a possible asset of the estate the CLAIMS against RODRIGUEZ.

J. The Parties hereto wish to resolve the issue in the Santa Barbara County Superior Court action as to who has standing to bring the action against RODRIGUEZ, either SCHNEIDER or FAITH and, accordingly, have reached the following agreement.

## AGREEMENT

**NOW THEREFORE,** in consideration of the mutual covenants contained herein, SCHNEIDER and FAITH agree as follows:

1. SCHNEIDER shall purchase the Estate's interest in CLAIMS alleged in the lawsuit and will remain as the Plaintiff in said action.

2. SCHNEIDER, through his counsel, shall keep FAITH informed through his counsel regarding the status of said case.

3. Should any recovery be achieved in the aforementioned Superior Court action, SCHNEIDER shall remit to FAITH 25% of SCHNEIDER's net recovery on said case, after deducting attorney's costs. If funds are remitted to FAITH and if there is a surplus of funds after paying estate claims and administrative expenses, those funds will be sent to SCHNEIDER according to the Bankruptcy Code. The Parties acknowledge that SCHNEIDER's counsel in the Superior Court case is handling the Superior Court action on a 40% contingency fee basis.

4. This Sale Agreement shall be binding on the agents, successors and assigns of all parties hereto.

5. <u>Release of Claims Against the Trustee and the Estate by the Debtor.</u> Except as otherwise provided in this Sale Agreement, the Debtor, for himself and his heirs, successors, assigns, agents, and attorneys, shall be deemed to have released and discharged the Trustee, the Estate, and their agents, administrators,

2

attorneys, and accountants from any and all interests, claims, demands, controversies, actions, causes of actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which they may now own or hold, or may have previously owned or held, or may in the future own or hold, arising out of or relating to the sale of CLAIMS to SCHNEIDER.

6. <u>Release of Claims Against the Debtor by the Trustee and the Estate.</u> Except as otherwise provided in this Agreement, the Trustee, for himself and the Estate and his successors, assigns, agents, and attorneys, shall be deemed to have released and discharged the Debtor and his agents, administrators, attorneys, and accountants from any and all interests, claims, demands, controversies, actions, causes of actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which they may now own or hold, or may have previously owned or held, or may in the future own or hold arising out of or relating to the sale of CLAIMS to SCHNEIDER.

7. <u>Capacity to Enter into the Agreement.</u> The Debtor hereby states, certifies, warrants, and represents to the Trustee that he has the right, power, capacity, and authority to enter into this Agreement, to fully perform their obligations under this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which they are bound. The Trustee, upon the Bankruptcy Court's approval of this agreement, states, certifies, warrants, and represents to the Debtor that he has the right, power, capacity, and authority to enter into this Agreement, to fully perform his obligations under this Agreement, and this Agreement does not violate any agreement by which he is bound.

8. <u>Representation by Legal Counsel.</u> The Parties represent that they each obtained the advice of legal counsel of their choosing in connection with the negotiation, preparation, and execution of this Agreement, or that they were advised to obtain the advice of such legal counsel, had ample opportunity to obtain the advice of such legal counsel and willfully declined to obtain the advice of such legal counsel.

9. This Settlement Agreement contains the entire agreement between SCHNEIDER and FAITH with respect to the subject matter of this Sale Agreement, and supersedes all prior negotiations, agreements and understandings with respect

3

thereto.

10. This Sale Agreement shall become binding and effective after entry by the Bankruptcy Court of a Final Order approving this Sale Agreement. "Final Order" means an order of the Bankruptcy Court entered on the docket (k) that has not been reversed, rescinded, stayed, modified or amended; (ii) that is in full force and effect; and (iii) with respect to which: (a) fifteen days has expired and no timely filed appeal is pending; or (b) any such appeal has been dismissed or resolved by the highest court to which the order was appealed. This Sale Agreement may only be amended only by a written instrument executed by SCHNEIDER and FAITH and any such amendments must be approved by the Bankruptcy Court and be subject to a Final Order.

Dated: X 10/28/2016           X _____
                              Frederick J. Schneider

Dated: 11/2/2016              _____
                              Jeremy Faith, Chapter 7 Trustee of Schneider
                              Bankruptcy Estate Case No. 9:12-bk-12175-PC

APPROVED AS TO FORM AND CONTENT:

Dated: 10/27/16               HATHAWAY, PERRETT, WEBSTER,
                              POWERS, CHRISMAN & GUTIERREZ

                              By: _____
                              Daniel A. Higson
                              Attorney for Frederick J. Schneider

Dated: 11/9/2016              _____
                              Michael N. Nicastro
                              Attorney for Jeremy Faith

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
575 Anton Boulevard, Suite 1050., Costa Mesa, CA 92626

A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED (SPECIFY): **TRUSTEE'S MOTION FOR ORDER APPROVING SALE AGREEMENT WITH FREDERICK J. SCHNEIDER FOR SALE OF MALPRACTICE LITIGATION CLAIMS; DECLARATION OF JEREMY FAITH** WILL BE SERVED OR WAS SERVED (A) ON THE JUDGE IN CHAMBERS IN THE FORM AND MANNER REQUIRED BY LBR 5005-2(D); AND (B) IN THE MANNER STATED BELOW:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 11/14/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   - Lawrence R Boivin    lboivin@cigfinancial.com, lrboivin@gmail.com
   - Christina M Chan    christinamchan@gmail.com
   - Jeremy W. Faith (TR)    Trustee@MarguliesFaithlaw.com, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com;Brian@MarguliesFaithlaw.com
   - Daniel A Higson    dlhigson@hathawaylawfirm.com
   - Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
   - Michael N Nicastro    courtfiling@np-attorneys.com
   - Patricia Rodriguez    prod@attorneyprod.com, sevag@attorneyprod.com;george@attorneyprod.com
   - United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date) 11/14/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Hahn Fife & Company | Honorable Peter H. Carroll | Debtor Frederick J. Schneider |
| --- | --- | --- |
| 790 E Colorado Blvd 9th Fl | 1415 State St., Suite 230 | 12688 Santa Paula Ojai Rd. |
| Pasadena, CA 91101 | Santa Barbara, CA 93101-2511 | Santa Paula, CA 93060 |

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/14/2016 | Joycelin S. Roh | *(signature)* |
| --- | --- | --- |
| Date | Printed Name | Signature |